JjWRIT GRANTED and MADE PEREMPTORY; REMANDED.
 

 In this DWI 1st prosecution, the State of Louisiana seeks review of the granting of a motion to suppress evidence obtained as a result of a traffic stop. For the following reasons, the suppression is reversed, and the case remanded for further proceedings.
 

 A Greenwood police officer lived on Benton Road in Bossier Parish. She was driving home from work in her police vehicle. She was traveling north on Benton Road when defendant turned onto Benton Road heading north without his lights on. Within a quarter mile, defendant did turn on his lights but was observed to swerve between the fog line to the center line three times. The Greenwood officer called a state trooper on her cell phone. The trooper was a short distance south of the scene and proceeded quickly to catch up. When defendant turned onto Kingston Road, the trooper told the Greenwood officer to “light him up” but not to get out of her cruiser. The trooper arrived within a minute. Defendant was arrested and charged with a first offense DWI. The trial court stated that the officers were in an “untenable position” and “I don’t blame you a bit” but suppressed all evidence because the Greenwood officer was without legal authority to stop defendant.
 

 In
 
 Virginia v. Harris,
 
 — U.S. -, 130 S.Ct. 10, 175 L.Ed.2d 322 (2009) Chief Justice Roberts, with whom Justice Scalia joined, dissented from the denial of certio-rari. Justice Roberts observed:
 

 | ¡¿There is no question that drunk driving is a serious and potentially deadly crime, as our cases have repeatedly emphasized.
 
 See, e.g., Michigan Dept. of State Police v. Sitz,
 
 496 U.S. 444, 451, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990) (“No one can seriously dispute the magnitude of the drunken driving problem or the States’ interest in eradicating it. Media reports of alcohol-related death and mutilation on the Nation’s roads are legion”). The imminence of the danger posed by drunk drivers exceeds that at issue in other types of cases. In a case like
 
 (Florida v. J.L.,
 
 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254) the police can often observe the subject of a tip and step in before actual harm occurs; with drunk driving, such a wait-and-see approach may prove fatal. Drunk driving is always dangerous, as it is occurring. This Court has in fact recognized that the dangers posed by drunk drivers are unique, frequently upholding anti-drunk-driving policies that might be constitutionally problematic in other, less exigent circumstances.
 

 Considering the especially grave and imminent dangers posed by drunk driving; the enhanced reliability and training of the Greenwood officer; that she was in a marked police vehicle; that she was driving behind defendant and observed his driving; that she contacted a state trooper with jurisdiction and was told to stop defendant; that there were exigent circumstances; that the trooper was at the stop within seconds; that traffic stops are typically less invasive than searches or seizures of individuals on foot; and the diminished expectation of privacy enjoyed by individuals driving their cars on public roads, we find that the stop by the Greenwood officer did not violate the constitutional protections against unreasonable seizures.
 

 The conflict is clear and the stakes are high. It would be difficult for an officer to
 
 *266
 
 explain to the family of a motorist killed by a swerve that an out-of-jurisdiction police officer in a police vehicle was powerless to pull him over, even for a quick check.
 

 In this instance, the trooper had an identifiable and reliable witness with direct knowledge. The trooper directed the Greenwood officer to activate her overhead lights. The methodology used in this case was reasonable.
 
 See State v. Elliott,
 
 09-1727 (La.03/16/10), 35 So.3d 247.
 

 Under the unique facts presented, even if statutory law did not specifically authorize the stop, no violation of the Fourth Amendment occurred. In
 
 Brigham City v. Stuart,
 
 547 U.S. 398, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006), the Supreme Court held that law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury. The Court noted that the warrant requirement was subject to certain exceptions because the “ultimate touchstone” of the Fourth Amendment is “reasonableness.” The combined actions of the officers in the instant case were reasonably calculated to avert imminent injury or loss of life, and their actions, as noted by the trial court, should be commended. We again emphasize that these combined actions involved reliable observations from a trained officer, clear instructions for limited assistance from another trained officer with jurisdiction, immediate assistance limited to stopping the defendant’s vehicle by a trained officer in a marked unit, and exigent circumstances created by the defendant’s dangerous, erratic driving. These actions did not violate the “ultimate touchstone” of the Fourth Amendment. See
 
 State v. Williams
 
 No. 45,775-KA and 45776-KA (consolidated), a similar case rendered this day.
 

 |sThus, we reverse the trial court’s suppression of all evidence and remand for further proceedings.
 

 MOORE, J., concurs in the result.